DAVID HAYS *v.* GEORGE H. CRIST.

*Error from Pottawatomie County.*

On appeal to district court of an action brought before a justice, *held* that it was too late, after answer filed, for defendant to move to make the petition conform to the bill of particulars before the justice, or to move to strike it out for the same reason.

The evidence of damages to a growing crop must be confined to value at the time of the injury. *Held*, error for the court to admit evidence of what the crop, injured in June, would have been worth in the fall of the year, if the injury had not been done.

*Semble*, all joint owners of a crop injured are proper parties to an action for damages for such injury.

The record would seem to show that the plaintiff in justice court, Crist, raised the crop injured "on shares," and that Lucinda Springer was joint owner with him thereof. Other facts appear in the opinion of the court.

*Lorenzo Wesson,* for plaintiff in error, submitted:

1. Time was material, and should have been alleged. 2 *Greenl. Ev.,* § 624, *n.* 2.

2. The court erred in allowing plaintiff to vary his pleading in district court from his bill of particulars in the justice's court. *Comp. L.,* 626, §§ 53, 54; *id.,* 635, § 107; 3 *Kas. R.,* 433.

3. The landlord was a party in interest, and should have been joined. (*Civ. Code,* § 41, *Comp. L.,* 664; 3 *Blacks. Com.,* 210, *n.* 6; *Gould's Pl.,* 356.) The action should have been dismissed. *Comp. L.,* 187, § 382.

4. The court erred in admitting damages not claimed in justice court. *Comp. L.,* 626, §§ 53, 54; *id.,* 635, § 107.

5. The court erred in admitting testimony, as proof of the measure of damages, of value at a time different from that of the trespass. 2 *Abb. Dig.,* 228, 233, 326; 2 *Greenl. Ev.,* § 624, *n.* 2.

*By the Court,* SAFFORD, J.

George H. Crist brought an action against David Hays, to recover damages for injuries to his growing crops, alleged to have been done by defendant's hogs, in June, 1865. Trial was had before S. V. Lee, J. P., of Pottawatomie county, and Crist recovered a judgment for fifty dollars damages, and costs of suit. Defendant then appealed to the district court, where the issues between the parties were made up by the filing of the plaintiff's petition, the answer of defendant, and the reply of the plaintiff. The cause was submitted to a jury, who returned a verdict for plaintiff, and upon which he had judgment.

Hays now brings the case to this court by petition in error, alleging several grounds for reversal, a portion of which only do we think it necessary to notice. The case made shows that, before the trial, the defendant moved the court to compel the plaintiff to amend his petition by inserting the precise date of the trespass, which motion was overruled. Defendant then moved to strike out the petition, for the reason that it did not conform to bill of particulars before the justice. This petition did show that the trespass was committed in the month of June, 1865; and it also varied from the bill before the justice in some other particulars. But we think the objection of defendant came too late. He had filed his answer without making the point in any way, and the court was right in holding that he had waived his right to complain.

On the trial, as the case made shows, the plaintiff was permitted, against the objection of the defendant, to offer evidence to prove what the crops of the said plaintiff would have been worth in the fall of the year, if the hogs of the defendant had not committed the alleged trespass, in order to prove the damages the plaintiff had sustained. This was clearly erroneous. The only just rule by which the damages, if any had been done to the crops, could be estimated, was to confine the testimony to what it was at the time the trespass was committed. Besides, it is not easy to see how testimony as to what the crops might have been worth in the fall, could be put before a jury so as to assist them in determining the real issue in the case, viz: How much was the plaintiff's crop damaged by defendant's hogs, in the month of June, 1865? This was certainly all the damages for which he, the defendant, could be held liable under the pleadings.

Another point is made by the counsel, relative to which we will make a single remark. We think that it would have been proper for the court to order the lessee of plaintiff to be made a party, when it was declared that such lessee had an interest in the crops alleged to have been damaged by defendant's hogs.

The judgment of the district court is reversed, and cause sent back for a new trial.

All the justices concurring.